NOT DESIGNATED FOR PUBLICATION

No. 115,808

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

GLENN A. HEATH,
*Appellant*,

v.

RAY ROBERTS, SECRETARY OF CORRECTIONS,
*Appellee*.


MEMORANDUM OPINION

Appeal from Leavenworth District Court; GUNNAR A. SUNDBY, judge. Opinion filed December 16, 2016. Affirmed.

*Glenn A. Heath*, pro se appellant.

*Christopher M. Ray*, assistant attorney general, and *Derek Schmidt*, attorney general, for appellee.


Before STANDRIDGE, P.J., ARNOLD-BURGER and BRUNS, JJ.


*Per Curiam*: Glenn A. Heath appeals from the district court's dismissal of his K.S.A. 2015 Supp. 60-1501 petition for habeas corpus. Specifically, the district court found that the Kansas Prisoner Review Board had followed the appropriate procedure in denying Heath's request for parole. On appeal, we conclude that the district court did not abuse its discretion in determining that Heath failed to state a claim upon which relief may be granted. Likewise, we do not find the Review Board's decision regarding Heath's parole suitability to be unreasonable or unconstitutional. Thus, we affirm the district court's decision to dismiss Heath's K.S.A. 2015 Supp. 60-1501 petition.

1

FACTS

Heath is an inmate at the Lansing Correctional Facility. On June 28, 1996, Heath was sentenced to life imprisonment for committing first-degree felony murder and to 68 months for committing abuse of a child. The facts of Heath's 1996 convictions were recited in *Heath v. Kansas Parole Board*, No. 109,813, 2014 WL 113476, at *1 (Kan. App. 2014) (unpublished opinion), *rev. denied* 299 Kan. 1269 (2014), as follows:

> "On the morning of October 21, 1995, Heath was caring for Cain Baker, the 2-year-old son of Heath's live-in girlfriend. Because the child was vomiting, Heath called 911. Emergency personnel responded and transported the child to the hospital. The doctors there soon realized that Cain was not just ill; he was badly injured and bleeding internally. The police almost immediately suspected that Heath had inflicted Cain's injuries. The police arrested Heath later that same day. He has been in custody continuously since October 21, 1995. On October 23, 1995, Cain died as the result of internal bleeding caused by blunt force trauma to his abdomen.

> "The State charged Heath with first-degree felony murder, an off-grid offense, and a count of felony child abuse. At trial in 1996, the jury found Heath guilty on each count. The district court sentenced Heath to life in prison on the felony-murder count. The district court found that the aggravating circumstances of the felony child abuse offense (Cain was 'particularly vulnerable due to age' and Heath's 'conduct during the commission of the . . . offense manifested excessive brutality to the victim not normally present' in child abuse) were substantial and compelling reasons to depart upward on sentence duration. On that count, the district court imposed a sentence of 68 months to run consecutively to Heath's life sentence. On appeal, the Supreme Court affirmed the felony-murder conviction and sentence. See *State v. Heath*, 264 Kan. 557, 560, 564-65, 571, 957 P.2d 449 (1998). However, the Supreme Court reversed Heath's conviction for child abuse and vacated that sentence. Because only one act formed the basis for both the child abuse and the murder convictions, double jeopardy principles required that the offenses be merged into the felony murder. 264 Kan. at 571-72, 592." *Heath*, 2014 WL 113476, at *1.

Heath became eligible for parole on October 21, 2010. In April 2011, he appeared before the Kansas Parole Board (now the Kansas Prisoner Review Board) and was denied parole. The Parole Board cited the "serious nature/circumstances of [the] crime; violent nature of [the] crime; [and] objections" as reasons for denying parole. 2014 WL 113476, at *1.

Heath challenged the denial of parole on K.S.A. 2012 Supp. 60-1501 habeas corpus grounds, claiming the denial of parole violated his due process rights under the Fourteenth Amendment of the United States Constitution. Specifically, he alleged the Parole Board acted in an arbitrary and capricious manner by using "'vague stock language'" in the Action Notice denying parole. 2014 WL 113476, at *2. Heath also alleged that the Parole Board should not have considered the facts of his overturned child abuse conviction, and he disputed the finding that he was not behaviorally disposed for parole. Ultimately, a panel of this court affirmed the district court's dismissal of his habeas corpus petition and agreed the Parole Board did not act beyond its discretion or on an inaccurate record. 2014 WL 113476, at *6.

On or before August 6, 2015, Heath filed an apology letter with the Apology Repository in the Kansas Department of Corrections. At some point, Heath also submitted a letter to the Kansas Prisoner Review Board, explaining his position on the convictions. In that letter, he claimed that his conviction for murder was improper and unsupported by the facts. Nevertheless, Heath acknowledged that he had failed to protect the child and stated that he accepted the judgment "whether or not [it] is correct, right, and fair or just." On August 21, 2015, the Review Board held a public comment session regarding the question of whether it should parole Heath. Multiple people objected to his parole and requested that Heath remain in prison.

On September 2, 2015, Heath appeared before the Review Board. At the hearing, Heath indicated that he lied to police initially about the events leading to the child's

3

injuries; however, when asked by the Review Board about the time before the crime, he denied intentionally abusing or injuring the child. He further suggested that the evidence regarding the cause of the child's injuries was inconclusive. Heath denied responsibility and instead told the Review Board that he thought the child was injured at a neighborhood park.

The Review Board noted Heath had no disciplinary violations during his incarceration. Moreover, Heath described various personal advancements he had made while in prison. In particular, he mentioned that he and his wife purchased a home, that he had a job lined up should he be released, and that he had "used every opportunity to progress" while in prison.

On October 14, 2015, the Review Board denied Heath's request for parole. In doing so, it cited the serious nature and circumstances of Heath's crime; his denial of responsibility for injuring the child; and the objections received from the public. Thereafter, Heath filed a pro se K.S.A. 2015 Supp. 60-1501 petition and memorandum in support in the district court. On November 16, 2015, the district court issued a writ of habeas corpus and set the matter for hearing. Subsequently, the State filed a response and motion to dismiss for failure to state a claim. The State argued that the Review Board had followed all statutory requirements and that its decision to deny parole was not arbitrary or capricious. In response, Heath argued there was insufficient evidence to support finding him guilty of felony murder. Among other arguments, he also indicated that his clean record in prison and his pursuit and completion of self-help courses demonstrated his ability to return to society successfully.

The district court held a hearing on February 16, 2016. After hearing the arguments presented, the district court granted the State's motion to dismiss. Specifically, the district court focused on the ability of the Review Board to consider the facts of the conviction in determining the nature of the crime. The district court further noted the

4

inability of a reviewing court to substitute its judgement for that of the Review Board and found that the Review Board had adequately followed the statutory requirements.

ANALYSIS

On appeal, Heath raises three issues: first, whether the district court abused its discretion in granting the State's motion to dismiss for failure to state a claim by failing to accept his version of the facts as true; second, whether the Review Board's order is unreasonable, arbitrary, oppressive, or capricious; and third, whether the district court abused its discretion in summarily dismissing the habeas corpus petition without recognizing allegations of a constitutional nature.

To state a claim for relief under K.S.A. 2015 Supp. 60-1501, a petition must allege "shocking and intolerable conduct or continuing mistreatment of a constitutional stature." *Johnson v. State*, 289 Kan. 642, 648, 215 P.3d 575 (2009). "[I]f, on the face of the petition, it can be established that petitioner is not entitled to relief, or if, from undisputed facts, or from uncontrovertible facts, such as those recited in a court record, it appears, as a matter of law, no cause for granting a writ exists," then summary dismissal is proper. *Johnson*, 289 Kan. at 648-49; see K.S.A. 2015 Supp. 60-1503(a). On appeal, we exercise unlimited review of a summary dismissal. *Johnson*, 289 Kan. at 649.

Heath's habeas corpus petition includes a number of factual allegations about the Review Board's hearing and the nature of his conviction. The petition also asserts that Heath had no disciplinary violations during his imprisonment and that he was married with a home and a job opportunity should the Review Board grant him parole. The petition further states that he had submitted an apology letter and notes that the Kansas Supreme Court overturned his conviction for child abuse.

5

Even assuming that the factual allegations made in Heath's petition are true, we do not find that they rise to the level of "shocking and intolerable conduct or continuing mistreatment of a constitutional stature." 289 Kan. at 648. A reviewing court may only ask whether the Board's decision was arbitrary and capricious as well as whether it complied with applicable statutory and constitutional requirements. *Brown v. Kansas Parole Board*, 262 Kan. 903, 910-11, 943 P.2d 1240 (1997). The Review Board could not arbitrarily deny parole to an inmate—by, for example, flipping a coin to make the decision—or base those decisions on protected class characteristics such as race, sex, or religion. *Parks v. Kansas Prisoner Review Board*, No. 111,412, 2014 WL 5801346, at *2 (Kan. App. 2014) (unpublished opinion), *rev. denied* 301 Kan. 1047 (2015); see *Galloway v. Kansas Parole Board*, No. 110,637, 2014 WL 2229548, at *1 (Kan. App.) (unpublished opinion), *rev. denied* 300 Kan. 1103 (2014).

We find Heath's argument that the Review Board did not follow the statutory requirements to be without merit. The essence of his argument is that the Review Board—by considering objections from the public—somehow violated the statutory intent of the parole review process. In support of this argument, Heath cites both K.S.A. 75-5201 and K.S.A. 2015 Supp. 22-3717(g)(2). However, neither of these statutes articulates how the Review Board is expected to evaluate a parole candidate for release. K.S.A. 2015 Supp. 22-3717(h) outlines the statutory considerations the Review Board must use in determining whether a prisoner is entitled to parole and specifically includes consideration of "comments of the public," "comments of the victim and the victim's family," "circumstances of the offense," and "attitude of the inmate." While the Review Board did not use this exact language, it cited these considerations in making its decision.

Next, while Heath uses the arbitrary and capricious label frequently for the Review Board's actions, he fails to allege anything that meets this standard. Although Heath argues the Review Board should not have considered the underlying facts that supported the reversed child abuse conviction, the same basic facts supported his felony-

6

murder conviction. As noted by the State, Heath's conviction was for murdering a 2-year-old child, with "'excessive brutality.'"

Heath argues that he accepted responsibility for his actions. In his petition, however, he asserts that he told the Review Board that he thought some "kids [from] the neighborhood" caused the child's injuries—not him. Furthermore, Heath asserts the statements received from the public were slanderous and libelous. Even if that were true, the Review Board may consider statements from the public as part of the statutory procedure. Accordingly, we find that the district court properly concluded that Heath's habeas corpus petition did not articulate a claim upon which relief can be granted.

We also find Heath's due process argument to be equally insufficient. Our Supreme Court has held that a prisoner has no protected legal right to parole from a criminal sentence. *Gilmore v. Kansas Parole Board*, 243 Kan. 173, 178-80, 756 P.2d 410 (1988). Under Kansas law, parole is a discretionary function of the Review Board. See K.S.A. 2015 Supp. 22-3710. Thus, the denial of parole does not itself result in unlawful detention; rather, the prisoner simply must continue to serve a lawfully imposed term of incarceration. *Parks*, 2014 WL 5801346, at *1.

Finally, Heath's arguments about the violation of his constitutional rights, as grounds for finding that the Review Board acted in an arbitrary and capricious manner, are similarly insufficient. Unless the Review Board exercises its discretion to parole him at some point in the future, Heath must serve his sentence as affirmed by the Kansas Supreme Court. Heath's argument that he is somehow entitled to parole is inconsistent with the holdings of our Supreme Court. As indicated above, no constitutional issue arises from an inmate serving the remainder of a valid sentence.

7

We, therefore, conclude that the district court's dismissal of Heath's K.S.A. 2015 Supp. 60-1501 petition should be affirmed.

Affirmed.